In re ALLSTATE PUBLISHING CO., INC., Debtor.

ALLSTATE PUBLISHING CO., INC., Plaintiff,

v.

ABC LIQUORS, INC., Defendant.

Bankruptcy No. 81–1499–8P1.

Adv. No. 81–333.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 27, 1989.

Jawdet Rubaii, Clearwater, Fla., for debtor/plaintiff.

Don Morrison, Orlando, Fla., for defendant.

## ORDER ON DEBTOR'S MOTION FOR RECONSIDERATION, REHEARING, TO ALTER OR AMEND JUDGMENT, AND FOR EVIDENTIARY HEARING

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Debtor's Motion for Reconsideration, Rehearing, to Alter or Amend Judgment, and for Evidentiary Hearing. The Debtor seeks reconsideration of this Court's Memorandum Opinion and Order on Remand dated May 20, 1988. The Debtor also seeks reconsideration of a Final Judgment entered by this Court on February 17, 1989, in connection with the above-captioned adversary proceeding. The Court has considered the Debtor's Motion, heard argument of counsel and finds the relevant and germane facts to be as follows.

The Plaintiff, All State Publishing Company, Inc., is the Debtor involved in the above-captioned Chapter 11 proceeding, and at the time of the filing of the Petition was engaged in the business of providing advertising services, primarily to cocktail lounges through soliciting subscribers for proposed coupon books entitled, "Spirits of '81". The coupons entitled the bearer to one free drink at any of the subscribing establishments. In consideration for the advertisement on the coupon, the subscriber agreed to honor the coupon. It appears that on March 31, 1981, the Debtor entered into an agreement with ABC Liquors, Inc., the Defendant, whereby the Debtor agreed to print the ABC coupons and the Defendant agreed to honor them upon redemption. Subsequently, however, the coupons were dishonored by the Defendant.

It appears that subsequent to filing its Petition for Relief under Chapter 11 of the Bankruptcy Code, the Debtor filed this adversary proceeding against the Defendant, which in Count I of the Complaint alleged that the Defendant allegedly breached its contract with the Debtor and sought both compensatory and punitive damages.

Count II was an action for breach of contract.

On August 26, 1982, this Court entered its Findings of Fact, Conclusions of Law, Memorandum Opinion and Final Judgment with respect to that adversary proceeding, which found that no contract had existed between the parties and, therefore, the claim of intentional breach of contract set forth in Count I did not need to be addressed. Therefore, the Plaintiff was denied any relief. On September 2, 1987, the Debtor filed its Notice of Appeal from the Final Judgment entered by this Court on August 26, 1982, in connection with its Findings of Fact, Conclusions of Law and Memorandum Opinion. On March 23, 1984, the District Court for the Middle District of Florida entered an Order reversing this Court's decision and remanding it for further proceedings not inconsistent with the findings by the District Court.

On March 27, 1985, this Court entered a Final Judgment in favor of the Debtor and against ABC Liquors, Inc., and assessed damages in the amount of $14,200.00. The Final Judgment was amended on May 13, 1985, and subsequently, the Debtor appealed and ABC Liquors cross-appealed this Court's Amended Final Judgment. On October 30, 1986, the District Court entered a Memorandum Opinion again remanding this adversary proceeding for the adjustment of damages awarded the Debtor in the May 13, 1985, Final Judgment to $11,-200.00 and that the award in favor of the Debtor included the double recovery of $3,000.00 in printing costs. In addition, the District Court directed this Court to make a factual finding with regard to whether the Debtor realized any revenues from the sale of the coupon books, and if so, to apply those revenues as a set-off to reduce the extent that it realized such as a gain.

Pursuant to the District Court's opinion, this Court entered an Order on May 20, 1988, and found that the Debtor in fact sold at least 400 coupon books at the regular price of $19.95 per book for a total of $7,980.00 and additionally sold another 700 books for at least $5.00 per books for a total of $3,500.00. This Court further indicated that any damages that the Debtor incurred resulting from the expenditures made in reliance of a breached contract would have to be diminished by any profit realized by the non-defaulting party, i.e., the Debtor. Inasmuch as this Court found that the Debtor realized at a minimum a gain in the amount of $11,480.00 from the sale of the books, and that the Debtor's award, which had previously been reduced in the amount of $3,000.00, should be reduced by the further amount of $11,480.00, this Court concluded that the Debtor was not entitled to recover any money from ABC.

On June 8, 1988, the Debtor filed a timely Motion for Reconsideration of this Court's Memorandum Opinion and Order on Remand dated May 20, 1988. On August 8, 1988, this Court entered an Order denying the Debtor's Motion for Rehearing or Reconsideration. On August 11, 1988, the Debtor filed a Motion for Reconsideration of this Court's Ex Parte Order denying the Debtor's previous Motion for Reconsideration during which time the Debtor filed a Notice of Appeal of the District Court's decision and took the appeal to the Eleventh Circuit. The earlier Motion filed by the Debtor which sought reconsideration of the Court's Ex Parte Order denying its Motion for Reconsideration was also denied on January 3, 1989. On February 17, 1989, a Final Judgment was entered by this Court in favor of the Defendant, ABC Liquors, Inc. On March 6, 1989, the Debtor filed another Motion for Reconsideration, Rehearing, to Alter or Amend Judgment and for Evidentiary Hearing. This is the Motion under consideration.

The basis for the Debtor's Motion for Reconsideration is grounded on the contention by the Debtor that there were no profits received by the Debtor which should be offset against the damages suffered by the Debtor. The Debtor contends that the Court's findings that it sold x number of coupons at a certain price were clearly erroneous and that all sales of the booklets were forced to be refunded or rescinded and returned because of ABC's breach. In support of its Motion for Reconsideration, the Debtor filed an affidavit signed by

Gregg Marszalek, vice-president in charge of sales with All State Publishing Company, Inc., the Debtor, at the times relevant to this case. It appears that in his affidavit, Mr. Marszalek states that all sales made by the Debtor were refunded as a result of ABC's failure to honor the coupon, hence rendering the coupon books worthless, and that the Debtor realized no profits whatsoever. In addition, the affidavit of Frank Severinnino, the president of the Debtor, stated the same allegation as the previous affidavit. Based on this Motion, the Court granted the Motion for Rehearing and scheduled a further hearing on the Debtor's Motion for Reconsideration. In opposition to the Motion for Reconsideration, counsel for the Defendant argued that the Debtor's Motion for Reconsideration should be denied because the Motion failed to allege any manifest error of law or fact, nor does it allege newly discovered material evidence which could not have been obtained by the Movant at the time the matter was heard as required under Bankruptcy Rule 9023 and F.R.C.P.Rule 59(a)(2).

Based on the foregoing, this Court is persuaded by the Defendant's position that the affidavits filed by the former president and vice-president of the Debtor could have been discovered at the time the matter was heard, and, therefore, the Debtor now is precluded to retry this issue.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Reconsideration, Rehearing, to Alter or Amend Final Judgment be, and the same is hereby, denied.

DONE AND ORDERED.